UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                          CIVIL ACTION

VERSUS                                                   NO. 14-2619

UNITED STATES CUSTOMS AND BORDER          SECTION: "G"(2)
PROTECTION, *et al.*

ORDER AND REASONS

In this litigation, Plaintiff Michael W. Gahagan ("Gahagan"), an immigration lawyer, seeks

the production of documents from Defendants United States Customs and Border Protection

("CBP"), United States Immigration and Customs Enforcement ("ICE"), and United States

Department of State ("State") (collectively, "Defendants") pursuant to the Freedom of Information

Act[1] ("FOIA").[2] Presently pending before the Court is Plaintiff's "Third Motion for Summary

Judgment."[3] Having reviewed the motion, the memoranda in support, the memorandum in

opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in

part.

I. Background

Plaintiff filed a complaint in this matter on November 15, 2014.[4] Subsequently, on November

24, 2014 and December 29, 2014, Plaintiff filed two successive motions for summary judgment.[5]

---

[1] 5 U.S.C. § 522.

[2] Rec. Doc. 1 at pp. 1–2.

[3] Rec. Doc. 49.

[4] Rec. Doc. 1.

[5] Rec. Doc. 9; Rec. Doc. 24.

The Court referred both motions to the Magistrate Judge for Findings and Recommendations.[6] The

Magistrate Judge in turn issued Findings and Recommendations,[7] to which Plaintiff timely objected.[8]

Upon consideration of Plaintiff's objections, the Court rejected the Magistrate Judge's Findings and

Recommendations and conducted a *de novo* review of the two motions.[9] The Court ruled upon those

motions, but deferred judgment regarding certain documents produced to Plaintiff by ICE and CBP

pending *in camera* review of these documents.

ICE and CBP timely submitted the disputed documents, and the Court, having conducted its

*in camera* review, granted Plaintiff's second motion for summary judgment to the extent that the

motion urged the Court to order CBP to produce a *Vaughn* index.[10] It also denied Plaintiff's second

motion for summary judgment, to the extent that the motion requested that the Court: (1) order ICE

to produce to Plaintiff seven pages of records redacted in full and marked as "non-responsive;" (2)

order ICE to produce any additional portions of a one-page record produced to Plaintiff in fully

redacted form; (3) order ICE and State to produce any reasonably segregable portion of any

responsive records being withheld under claims of exemption; and (4) enjoin ICE and State from

continuing to withhold non-exempt responsive records.[11] Pursuant to the Court's Order on *in camera*

review, CBP submitted a *Vaughn* index and supplemental declaration addressing the two documents

---

[6] Rec. Doc. 33.

[7] Rec. Doc. 38.

[8] Rec. Doc. 40.

[9] *See* Rec. Doc. 47.

[10] Rec. Doc. 47 at pp. 11–12.

[11] *Id.* at p. 12.

produced to the Court.[12]

On July 19, 2015, Plaintiff filed a "Third Motion for Summary Judgment" in which he requested, *inter alia*, that the Court order CBP to produce an unredacted copy of Form I-826, titled "Notification of Rights and Request for Disposition," which he asserted CBP had unlawfully withheld.[13] Defendants filed their opposition on July 28, 2015.[14] Attached to their opposition was a redacted copy of Form I-826, "Notification of Rights and Request for Disposition."[15] Plaintiff filed a reply memorandum on July 30, 2015.[16]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of his Third Motion for Summary Judgment*

Plaintiff requests that the Court: (1) order CBP to produce to Plaintiff an unredacted copy of "the unlawfully withheld responsive agency record described by Defendants as 'Notification of Rights and Request for Disposition;'" (2) order CBP to produce to Plaintiff any reasonably segregable portion of the "Notification of Rights and Request for Disposition;" (3) strike the "Declaration of Authenticity of Vaughn Index," written by Sabrina Burroughs on July 1, 2015 from the record; and (4) enjoin Defendants from continuing to withhold any and all non-exempt agency records that are responsive to Plaintiff's FOIA requests.[17]

---

[12] Rec. Doc. 48-1.

[13] Rec. Doc. 49.

[14] Rec. Doc. 50.

[15] Rec. Doc. 50-1.

[16] Rec. Doc. 53.

[17] Rec. Doc. 49.

Plaintiff asserts that CBP has not fully produced the requested agency records within 20 days as required by FOIA.[18] He contends that CBP has not met its "burden of proof to show that it has indeed produced to Plaintiff a complete copy of the CBP Requested Information pursuant to Plaintiff's FOIA request."[19] Accordingly, Plaintiff argues that there is no genuine issue of material fact, and he is entitled to judgment as a matter of law.[20]

Plaintiff asserts that "Sabrina Burrough's July 1, 2015 declaration should be stricken from the record due to the declarant's two prior untruthful declarations" submitted by Sabrina Burrough.[21] He contends that "Sabrina Burroughs is either knowingly submitting false declarations to this Honorable Court, or she has no actual knowledge about the facts which she asserts to be true."[22]

Plaintiff urges the Court to order CBP to produce the fully withheld responsive agency record, described by CBP as "Notification of Rights and Request for Disposition" to Plaintiff without redaction.[23] He asserts that FOIA does not allow CBP to withhold this document simply because Theodore Weegar was not served with a Notice to Appear.[24] He argues that the document is a responsive agency record that must be produced under FOIA unless CBP can meet "its burden of showing that the document relates to someone other than Mr. Weegar or that one of FOIA's nine

---

[18] Rec. Doc. 49-2 at p. 1.

[19] *Id.*

[20] *Id.*

[21] *Id.* at p. 7.

[22] *Id.*

[23] *Id.* at p. 9.

[24] *Id.* at p. 11.

exclusive exemptions apply."[25]

Plaintiff also asserts that CBP is unlawfully withholding segregable portions of the responsive agency record described as "Notification of Rights and Request for Disposition."[26] Plaintiff contends that CBP "has not met its burden of proving 'that no segregable, nonexempt portions remain withheld,' with regard to the 'Notification of Rights and Request for Disposition.'[27]

## B.    *Defendants' Arguments in Opposition*

Defendants contend that Form I-826, titled "Notification of Rights and Request for Disposition," is not a responsive document to Plaintiff's FOIA request and was inadvertently attached to the sole responsive document for the Court's *in camera* submission.[28] Defendants contend that CBP included the document on its recent *Vaughn* index out of an abundance of caution because the index was ordered after submission of the *in camera* review.[29]

According to Defendants, an I-213, a redacted version of which was provided to Plaintiff by CBP in response to his FOIA request, is merely a computer record that is only printed in paper form if it is required for a specific reason.[30] Defendants assert that the only time a Form I-826 is printed is when it is to be served on an alien when the alien has been arrested or detained in order to provide the individual with notice of his or her rights.[31] Under those circumstances, the document would be

---

[25] *Id.* at p. 12.

[26] *Id.* at p. 13.

[27] *Id.* at p. 15 (quoting *Paisley v. Cent. Intelligence Agency*, 712 F.3d 686, 700 (D.C. Cir. 1983), *opinion vacated in part on other grounds*, 724 F.2d 201 (D.C. Cir. 1984).

[28] Rec. Doc. 50 at p. 5.

[29] *Id.*

[30] *Id.*

[31] *Id.*

executed by the alien and the immigration officer and would be placed in the appropriate A-file.[32]

Defendants assert that the I-826 was never printed, served, or executed in Mr. Weegar's case

because he was never detained or arrested by CBP.[33] Defendants contend that the I-826 was merely

printed as an accompanying document when CBP printed out the I-213 to comply with Plaintiff's

FOIA request.[34]

Defendants maintain that although CBP is "not unilaterally changing its position that the I-

826 was not responsive when it was generically printed out or when it was inadvertently submitted

with the *in camera* submission,"[35] they have attached a copy of the I-826 to their opposition.[36]

Defendants assert that the I-826 demonstrates that it was not served on Mr. Weegar, was not

executed by any individual, and Mr. Weegar's name automatically appeared on the form when it was

printed.[37] Defendants note that the I-826 has been redacted in order to remove the agency interior

case number which automatically appears upon printing.[38] Defendants do not argue why this

redaction is justified but state that "[i]f further clarification is needed on this issue, the undersigned,

as well as a representative from CBP, are willing to participate in a status conference  with the

Court."[39]

---

[32] *Id.* at pp. 5–6.

[33] *Id.* at p. 6.

[34] *Id.*

[35] *Id.*

[36] Rec. Doc. 50-1.

[37] Rec. Doc. 50 at p. 6.

[38] *Id.*

[39] *Id.*

### C.       *Plaintiff's Arguments in Further Support of his Motion*

Plaintiff contends that "the law is clear that the government is violating FOIA by unlawfully withholding information within the responsive agency record in ['the I-826'] by refusing to cite at least one of the nine exhaustive lawful FOIA exemptions."[40] Plaintiff asserts that "[i]n order to prevail on a FOIA motion for summary judgment, the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."[41] Citing *Batton v. Evers*,[42] Plaintiff asserts that the "[b]urden to establish an exemption from disclosure under the Freedom of Information Act remains with the agency, and the district court should not grant summary judgment to an agency in a FOIA action based on conclusory and generalized assertion, even if the FOIA requester has not controverted that assertion."[43] Plaintiff contends that Defendants' argument that the belatedly produced document was non-responsive because it was not previously served on a third party prior to the FOIA request is "clearly unlawful and unsupportable."[44] Plaintiff asserts that it is the government's burden to prove that it can lawfully withhold information and that there is no FOIA exception for "non-responsive" because the document was not previously served on a third party prior to the FOIA request.[45] Citing 5 U.S.C. § 552, Plaintiff contends that "FOIA does not require

---

[40] Rec. Doc. 53 at p. 4 (citing 5 U.S.C. § 552(b)(1)–(9)).

[41] *Id.* at p. 3 (quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

[42] 598 F.3d 169, 175 (5th Cir. 2010).

[43] Rec. Doc. 53 at p. 4.

[44] *Id.* at pp. 2–3.

[45] *Id.* at p. 3.

that a specific person be served with a responsive agency record before that responsive record must be produced to a FOIA requester."[46] As the Government did not cite any FOIA exemption when it withheld the information, Plaintiff asserts that it has violated FOIA.[47]

Furthermore, according to Plaintiff, this is not an isolated incident as the Government "has employed the same exact tactic of unlawfully withholding responsive agency records *in toto*" in another case before this Court where the government withheld information on the grounds that it was duplicative but did not cite a FOIA exception.[48]

### III. Law and Analysis

#### A.    *Legal Standard*

The Supreme Court has stated that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."[49] Toward that end, FOIA is intended to "facilitate public access to government documents," and was "designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."[50] FOIA establishes a "strong presumption in favor of disclosure," and accordingly "places the burden on the [government] agency [to which a request has been made] to justify the redaction of identifying

---

[46] *Id.* at p. 1.

[47] *Id.* at p. 3.

[48] *Id.* (citing *Gahagan v. U.S. Citizenship and Immigration Servs.*, Case No. 14-2233).

[49] *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted).

[50] *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

information in a particular document as well as when it seeks to withhold an entire document."[51]

The Fifth Circuit has held that FOIA "modif[ies]" the "traditional" summary judgment standard, insofar as it prescribes its own burdens and standards of proof to address the unique evidentiary issues inherent in FOIA actions, where the subject matter of the suit—government documents—may be partially or entirely hidden from view.[52] Specifically, FOIA provides that federal district courts:

> [Have] jurisdiction to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.
>
> In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).[53]

In a FOIA action, an agency's supporting affidavits and declarations are entitled to a "presumption of legitimacy" in the absence of evidence of bad faith.[54] Nonetheless, the burden of establishing the validity of a decision to withhold information remains with the agency,[55] and the

---

[51] *Id.*

[52] *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010); *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002) ("The FOIA context is unusual, however, because the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released. The requester would thus face an evidentiary Catch–22 if the statute and the case law did not make allowances. The statute expressly places the burden on the agency to sustain its action and directs the district courts to determine the matter *de novo,* giving no deference to the agency's determinations.") (citations and internal quotation marks omitted).

[53] 5 U.S.C. § 552(a)(4)(B).

[54] *Batton,* 598 F.3d at 175 (citing *Ray*, 502 U.S. at 179).

[55] *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).

Court will not accept an agency's "conclusory and generalized assertion[s]" on a motion for summary judgment, even if those assertions are uncontroverted.[56]

## B.    *Analysis*

In Plaintiff's "Third Motion for Summary Judgment," he argues that CBP should be ordered to produce the Form I-826, titled "Notification of Rights and Request for Disposition" to Plaintiff without redaction.[57] Plaintiff also moves to strike Sabrina Burroughs' ("Burroughs") July 1, 2015 Declaration[58] "because Sabrina Burroughs has proven on two occasions that the truthfulness of her declarations are unreliable, either because the defendant has knowingly submitted two prior false declarations in bad faith, or because the declaration testimony is not based upon the declarant's personal knowledge."[59] Finally, Plaintiff urges the Court to order that CBP produce any reasonably segregable portion of the I-826 and to enjoin Defendants from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA requests.[60] The Court will address each of these arguments in turn.

### 1.    Burroughs' Affidavit

Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[61] After the 2010 amendments to Rule 56, "[t]here is no need

---

[56] *Batton*, 598 F.3d at 175.

[57] Rec. Doc. 49-2 at p. 9.

[58] Rec. Doc. 48-1.

[59] Rec. Doc. 49-2 at p. 9.

[60] Rec. Doc. 49 at p. 1.

[61] Fed. R. Civ. P. 56(c)(2).

to make a separate motion to strike" inadmissible evidence.[62] According to the comments following

the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or
> dispute a fact cannot be presented in a form that would be admissible in evidence.
> The objection functions much as an objection at trial, adjusted to the pretrial setting.
> The burden is on the proponent to show that the material is admissible as presented
> or to explain the admissible form that is anticipated . . . . [63]

The Fifth Circuit has found that it is therefore proper for motions to strike evidence, presented in

support or in opposition to a motion for summary judgment, to be treated as objections to the

evidence.[64] Accordingly, the Court will treat Plaintiff's request that the Court strike Burroughs'

declaration as an objection to the Court's consideration of the declaration on the motion for

summary judgment.

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to

support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters

stated." Several circuit courts of appeal have articulated specific standards governing the personal

knowledge an agency's declarant must possess in order to support an agency's FOIA arguments,[65]

---

[62] Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[63] *Id.*

[64] *See Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (adopting a district court opinion treating a motion to strike an affidavit as an objection).

[65] *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) ("An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy [the predecessor to Rule 56(c)(4)]") (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994)). *See also Maynard v. C.I.A.*, 986 F.2d 547, 569 (1st Cir. 1993) ("[A]n agency may rely on an affidavit of an agency employee responsible for supervising the search."); *Safecard Serv., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Ms. Dishman was in charge of coordinating the SEC's search and recovery efforts, and therefore she is the most appropriate person to provide a comprehensive affidavit."). *See also Miccosukee Tribe of Indians of Fla. v. U.S.*, 516 F.3d 1235, 1246 (11th Cir. 2008) (noting that "at least two other Circuits that have held that the agency employee who actually performed a search need not be the one to supply an affidavit or sworn testimony describing the adequacy of the search so long as an official responsible for supervising the search efforts has provided testimony in one form or

although the Fifth Circuit does not appear to have done so. The basis of Plaintiff's objection is that

Burroughs has declared in the past that only one responsive document was located during CBP's

search for records related to Mr. Weegar.[66] However, in the *Vaughn* index, two documents are

identified.[67] In the declaration that Plaintiff seeks to be stricken, Burroughs attests that she is the

Director of the Freedom of Information Act (FOIA) Division, Privacy and Diversity Office, Office

of the Commissioner, U.S. Customs and Border Protection (CBP) and is the official responsible for

overall supervision of the processing of FOIA requests.[68] Several circuit courts of appeal have held

that an affidavit from an agency employee responsible for supervising a FOIA search is all that is

required to satisfy Federal Rule of Civil Procedure Rule 56(c)(4). [69] Accordingly, the Court finds

that Defendants have met their burden of showing that the affidavit is based upon personal

knowledge and therefore the material is admissible. According to the *Vaughn* index, the Notification

of Rights and Request for Disposition was withheld as non-responsive.[70] This is not inconsistent

with Burroughs' prior Declaration in which she attests that only one responsive document was

found. Therefore, the Court denies the objection to its consideration of Burroughs' affidavit.

---

another," but concluding that it was not necessary to reach the issue in the matter before it, because the district court granted depositions of the individuals who performed the search at issue); *Patterson v. I.R.S.*, 56 F.3d 832, 841 (7th Cir. 1995) (accepting an affidavit "based upon this form and his familiarity with the standard procedures followed by the Disclosure Officer for the processing of such FOIA requests."); *Spannaus v. U.S. Dept. of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987) ("Special Agent Cook attested to his personal knowledge of the procedures used in handling Spannaus's request and his familiarity with the documents in question. He has therefore demonstrated ample personal knowledge to render him competent to testify regarding the interference posed by disclosure.").

[66] Rec. Doc. 42-1 at pp. 2–3; Rec. Doc. 37-1 at p. 3.

[67] Rec. Doc. 48-1 at p. 3.

[68] Rec. Doc. 48-1.

[69] *See Lahr v. Nat'l Transp. Bd.*, 569 F.3d 964, 990 (5th Cir. 2009); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994); *Maynard v. C.I.A.*, 986 F.2d 547, 569 (1st Cir. 1993).

[70] *Id.* at p. 3.

## 2.      Production of Documents

Although Defendants state that CBP is "not unilaterally changing its position that the I-826 in question was not responsive when it was generically printed or when it was inadvertently submitted with the *in camera* submission," CBP has since provided a redacted copy of the document to Plaintiff.[71] An agency's production of requested records moots a plaintiff's FOIA claim.[72] Plaintiff contends in his reply, however, that the government is violating FOIA by unlawfully withholding information in the I-826 by refusing to cite one of the nine FOIA exemptions.[73] Defendants do not make a specific argument as to why the redacted information, which Defendants state is an "agency interior case number," falls within a FOIA exemption.[74] However, Defendants assert that they are willing to participate in a status conference with the Court regarding the redaction of this information.[75]

FOIA provides that an agency may permissibly withhold information that falls within statutorily-defined categories; courts in the Fifth Circuit construe these categories narrowly.[76] As Plaintiff points out, FOIA contains no exemption for "non-responsive" documents. However, FOIA requires agencies, "upon any request for records which . . .  reasonably describes such records . . .

---

[71] Rec. Doc. 50 at p. 6; Rec. Doc. 50-1.

[72] *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008) ("Although the Ayanbadejos argue that the district court erred in dismissing their FOIA claim as moot, the USCIS did produce the Ayanbadejos' immigration record to their counsel pursuant to their FOIA request, making this claim moot.").

[73] Rec. Doc. 53 at p. 4.

[74] Rec. Doc. 50 at p. 6.

[75] *Id.*

[76] *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) ("The exemptions to disclosure are explicitly limited by statute and should be construed narrowly.").

13

[to] make the records promptly available to any person."[77] Logically, requestee agencies need not make non-responsive records available to the requester.[78] However, an agency that receives a FOIA request must "use[] methods which can be reasonably expected to produce the information requested."[79] If the agency prepares and executes an appropriate query, then the information located and produced as a result of the query should be responsive.

In his FOIA request to CBP, Plaintiff sought:

[A]ny and all documents, forms, or other written, photographic, electronic, computer generated, or recorded materials relating to Mr. Theodore Weegar in the possession of the U.S. Customs and Border Protection. This includes, but is not limited to, any information relating to his entry into the United States, his stay in the United States, and any investigation(s) carried out by the U.S. Customs and Border Protection relating to his immigration status.[80]

Defendants contend that the I-826 was printed as an accompanying document to the I-213, which Defendants maintain is the sole responsive document.[81] It is undisputed that the I-826 was therefore located as a result of the agency's query. Defendants assert, however, that the document was non-responsive because "the Agency did not serve Theodore Weegar with a Notice to Appear (Form I-862), and therefore did not serve him with a Notification of Rights and Request for Disposition

---

[77] 5 U.S.C. § 552(a)(3)(A).

[78] *See, e.g. Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 48 F. Supp. 3d 40, 52 (D.D.C. 2014) (holding that "non-responsive" documents are "simply not subject to the statute's disclosure requirements," and may be withheld without invoking a statutory exemption); *Competitive Enterprise Institute v. United States Envtl. Prot. Agency*, 12 F. Supp. 3d 100, 114 (D.D.C. 2014) ("Documents that are 'non-responsive' to a FOIA request, conversely, are simply not subject to the statute's disclosure requirements, and agencies may thus decline to release such material without invoking a statutory exemption."); *White v. Center for Medicare and Medicaid Servs.*, No. 06-2490, 2007 WL 1234987 (E.D. La. Apr. 6, 2007) (Barbier, J.) (holding that agency carried its burden on summary judgment by submitting a "clear, specific, reasonably detailed" affidavit that "properly described" withheld information, including documents withheld as "non-responsive").

[79] *Batton*, 598 F.3d at 176 (citations and internal quotation marks omitted).

[80] Rec. Doc. 1 at p. 4.

[81] Rec. Doc. 50 at pp. 5–6.

14

(Form I-826)."[82] Defendants have not provided any support for their argument that a document may be withheld because it was not served upon Mr. Weegar. As discussed above, the burden of establishing the validity of a decision to withhold information remains with the agency,[83] and the Court will not accept an agency's "conclusory and generalized assertion[s]" on a motion for summary judgment, even if those assertions are uncontroverted.[84] Accordingly, the Court finds that Defendants have not met their burden of establishing that CBP's decision to withhold Form I-826 on the grounds that it was non-responsive to Plaintiff's request was valid. Therefore, the Court finds that the withheld document, Form I-826, was responsive to Plaintiff's FOIA request.

Defendants have since produced a redacted copy of the I-826. Although Defendants assert that the redactions to the document are "minimal" and that they are willing to provide the Court with additional information regarding the redactions, they have not provided any justification for the withholding of this information in either their opposition or in any affidavit. Therefore, the Court finds that Defendants have not met their burden of showing that their decision to redact the agency interior case number is valid.

However, the Court has reviewed both the I-826 and the I-213 *in camera* and it appears that the redactions at issue in the I-826 are similar to the redactions in the I-213 which were stated in the *Vaughn* index to fall under the exemption listed in 5 U.S.C. § 552(b)(7) for records or information compiled for law enforcement purposes.[85] In redacting the I-826, however, Defendants rely solely

---

[82] Rec. Doc. 48-1 at p. 3.

[83] *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).

[84] *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

[85] Rec. Doc. 48-1 at p. 3.

upon the argument that the document itself was non-responsive to Plaintiff's request. They make no argument regarding what exemption justifies the redactions that have been made to the I-826. Accordingly, the Court orders CBP to produce any reasonably segregable portion of the I-826.[86]

Plaintiff does not specifically request that the Court order CBP to produce an updated *Vaughn* index, however, courts may, in their discretion, order the production of a *Vaughn* index or review disputed documents *in camera* to determine the validity of a withholding.[87] A *Vaughn* index is "a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material,"[88] and consists of an "index and detailed justification" of claims of exemption.[89] Here, the Court, in its discretion, finds that an updated *Vaughn* index addressing what exemption, if any, CBP believes the redacted information falls under will better enable the Court to resolve the issue before it. Accordingly, the Court will also order CBP to produce an updated *Vaughn* index.

### 3.    Enjoining of Defendants

Plaintiff's final argument is that the Court should enjoin all Defendants from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA requests.[90] When an agency improperly withholds responsive records, this Court has "jurisdiction to enjoin the agency from withholding agency records and to order the production" of those records.[91] To the extent that

---

[86] Although CBP has produced a redacted copy of this document, it has not provided any argument for it has withheld those portions.

[87] *Stephenson v. Internal Revenue Serv.*, 629 F.2d 1140, 1145 (5th Cir. 1980).

[88] *Batton*, 598 F.3d at 174 (citations omitted).

[89] *Stephenson*, 629 F.2d at 1145.

[90] Rec. Doc. 49.

[91] 5 U.S.C. § 552(a)(4)(B).

Plaintiff requests that the Court enjoin CBP from withholding responsive records, the Court will grant the motion for the reasons discussed above. To the extent that Plaintiff requests that the Court enjoin the other defendants from withholding responsive records, Plaintiff had not pointed to any records that it claims the other defendants are withholding, and therefore the Court denies the motion as it relates to the other defendants.

## IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Plaintiff's "Third Motion for Summary Judgment"[92] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the motion requests that the Court: (1) enjoin CBP from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA requests and (2) order CBP to produce any segregable portion of the Form I-826.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent it requests that the Court: (1) order CBP to produce to Plaintiff an unredacted Form I-826 and (2) enjoin all Defendants from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA requests.

---

[92] Rec. Doc. 49.

**IT IS FURTHER ORDERED** that CBP is to provide an updated *Vaughn* index addressing

what exemption, if any, justifies the withholding of the redacted portions of the I-826 by October

23, 2015 at noon.

**NEW ORLEANS, LOUISIANA**, this 20th day of October, 2015.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**